# Exhibit "A"


# CSC

## Notice of Service of Process

null / ALL
Transmittal Number: 19009922
Date Processed: 11/26/2018

| | |
|---|---|
| **Primary Contact:** | Kristina Cates<br>Laboratory Corporation of America Holdings<br>531 South Spring Street<br>Burlington, NC 27215 |
| **Electronic copy provided to:** | Anetta Outlaw<br>Mary Beth Maines<br>Lynda Andrews<br>Emily Greeson |
| **Entity:** | Covance Inc.<br>Entity ID Number 3669000 |
| **Entity Served:** | Covance, Inc |
| **Title of Action:** | Steven Feckley vs. Covance, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Orange County Superior Court, CA |
| **Case/Reference No:** | 30-2018-01030690-CU-WT-CJC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/21/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Jean P. Buchanan<br>562-432-8933 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** COVANCE, INC., a Delaware corporation;
*(AVISO AL DEMANDADO):* LABORATORY CORPORATION OF AMERICA, a Delaware corporation; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation; LC LABORATORY CORPORATION OF AMERICA, a California corporation; and DOES 1 through 250, inclusive,

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

11/06/2018 at 12:16:38 PM

Clerk of the Superior Court
By Angelina Nguyen-Do, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** STEVEN FECKLEY,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court
700 Civic Center Drive West
700 Civic Center Drive West
Santa Ana, California 92701

CASE NUMBER: *(Número)* 30-2018-01030690-CU-WT-CJC

Judge Glenn Salter

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jean P. Buchanan, CSBN: 251711           (562) 432-8933     (562) 435-1656
Law Offices of Carlin & Buchsbaum, LLP
301 East Ocean Blvd., Suite 1550
Long Beach, California 90802

DATE: 11/06/2018            DAVID H. YAMASAKI, Clerk of the Court         Angelina Nguyen-Do, Deputy
*(Fecha)*                                                                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* COVANCE, INC. A DELAWARE CORPORATION
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/21/18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

LAW OFFICES OF CARLIN & BUCHSBAUM, LLP
GARY R. CARLIN, CSBN: 44945
gary@carlinbuchsbaum.com
BRENT S. BUCHSBAUM, CSBN: 194816
brent@carlinbuchsbaum.com
LAUREL N. HAAG, CSBN: 211279
laurel@carlinbuchsbaum.com
JEAN P. BUCHANAN, CSBN: 251711
jean@carlinbuchsbaum.com
301 East Ocean Blvd., Suite 1550
Long Beach, California 90802
Telephone: (562) 432-8933
Facsimile: (562) 435-1656
Attorneys for Plaintiff, STEVEN FECKLEY

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

11/06/2018 at 12:16:38 PM

Clerk of the Superior Court
By Angelina Nguyen-Do, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE            Judge Glenn Salter

| | |
|---|---|
| STEVEN FECKLEY, | CASE NO.: 30-2018-01030690-CU-WT-CJC |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | (1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; |
| COVANCE, INC., a Delaware corporation; LABORATORY CORPORATION OF AMERICA, a Delaware corporation; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation; LC LABORATORY CORPORATION OF AMERICA, a California corporation; and DOES 1 through 250, inclusive, | (2) RETALIATION IN VIOLATION OF LABOR CODE 1102.5; AND (3) RETALIATION IN VIOLATION OF FEHA. [DEMAND FOR JURY TRIAL] |
| Defendants. | |

COMES NOW the Plaintiff, STEVEN FECKLEY ("Plaintiff"), who hereby respectfully alleges, avers, and complains, as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff pursuant to California statutory, decisional, and regulatory laws. Plaintiff was an employee of Defendants COVANCE, INC., LABORATORY CORPORATION OF AMERICA, LABORATORY CORPORATION OF

-1-

AMERICA HOLDINGS, and LC LABORATORY CORPORATION OF AMERICA (hereinafter "Defendant" or "LAB CORP") at all times herein mentioned.

2. Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff is entitled to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Orange County Superior Court Rules.

4. Venue is proper in this Court pursuant to § 395(a) of the California Code of Civil Procedure, because acts and omissions giving rise to the causes of action stated herein occurred or arose in the County of Orange, State of California.

## PARTIES

5. At all times herein mentioned, Plaintiff is and has been a resident of Orange County, State of California.

6. Plaintiff is informed and believes that Defendant COVANCE, INC. is, and at all relevant times herein, has been, a Delaware corporation with the capacity to sue and to be sued in California, and doing business in California, with a principal place of business located at 2440 S. Sepulveda Boulevard, Suite 220, Los Angeles, California 90064.

7. Plaintiff is informed and believes that Defendant LABORATORY CORPORATION OF AMERICA is, and at all relevant times herein, has been, a Delaware corporation with the capacity to sue and to be sued in California, and doing business in California, with a principal place of business located at 2440 S. Sepulveda Boulevard, Suite 220, Los Angeles, California 90064.

8. Plaintiff is informed and believes that Defendant LABORATORY

1  CORPORATION OF AMERICA HOLDINGS is, and at all relevant times herein, has been, a Delaware corporation with the capacity to sue and to be sued in California, and doing business in California, with a principal place of business located at 2440 S. Sepulveda Boulevard, Suite 220, Los Angeles, California 90064.

9. Plaintiff is informed and believes that Defendant LC LABORATORY CORPORATION OF AMERICA is, and at all relevant times herein, has been, a California corporation with the capacity to sue and to be sued in California, and doing business in California, with a principal place of business located at 8875 Costa Verde Blvd., #713, San Diego, California 92122.

10. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, and/or omissions, of each remaining Defendant.

11. The true names and capacities of the Defendants named herein as DOES 1 through 250, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

12. Plaintiff is informed and believes that the Defendants committed other wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff shall conduct discovery to identify said wrongful acts, and will seek leave of court to amend this Complaint to add said acts upon discovery.

//
//
//

## FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendants for several years, first as Defendant's Director of Discovery and Translational Services, ultimately being promoted to the position of Executive Director of the Commercial Genomics Business Unit. Plaintiff was employed from on or about December 15, 2011 until his termination on or about May 22, 2018 for complaining about wage and hour issues and sexual harassment in the workplace.

14. In Plaintiff's position, he oversaw a team of salespersons who handled contracts for genetic testing and studies. In or about January 2017, Defendants changed the commission structure for its salespersons. Previously, the salespersons were paid at the time the orders were received. After the change in commission structure, the salespersons were paid when the study was completed and contracted, leading to a long delay between the time of the contracts and the payment of the commissions. It was up to the salesperson to prove the contracts were received and put into the system.

15. Thereafter, when it came time for the salespersons to be paid, Defendants refused to pay commissions unless the salespersons could produce the contracts the commissions were based on.

16. When Plaintiff began to produce the contracts, Defendants claimed that Plaintiff was digging up contracts from the past to make his numbers look better. Plaintiff complained that Defendants were refusing to pay salespersons for contracts for which work was already performed, depriving salespersons of their earned wages.

17. Starting in or about June 2017, Plaintiff complained about Defendants' failure to pay for the work performed by his team. In response, Plaintiff's supervisor, Karen Heier, Senior Vice President Global Head of Marketing & Sales, told Plaintiff "this thing needs to go away." Plaintiff persisted in his complaints.

18. Thereafter, on or about February 8, 2018, Plaintiff was put on a performance improvement plan.

19. On or about May 22, 2018, Plaintiff was terminated.

**COMPLAINT**

20. In addition to the foregoing, in 2017 and 2018, Plaintiff had observed executive directors make comments about a female salesperson, including, but not limited to, calling the female salesperson a "floozy" and saying she was engaged in another type of "profession." This sexually harassing behavior culminated in an executive director meeting on or about January 12, 2018.

21. The January 2018 executive director meeting was attended by Plaintiff and a number of other executive directors. The purpose of the meeting was to evaluate the performance of employees. During the meeting, the female salesperson's name came up. The executive directors, including, but not limited to Karen Heier, Jim Shercliff, Aaron Bennett, and Dan Herlihy, Donna Levan, and Christine Riser, immediately began to comment on the female salesperson's appearance, stating that she "dresses like a floozy" and dresses like she is engaged in another "type of work." Plaintiff complained about the comments made about the female salesperson. In response, the Human Resources Representatives in attendance rolled their eyes, and the executive directors continued to disparage the female salesperson in a sexual manner.

22. Immediately after the January 2018 executive director meeting where Plaintiff voiced his opposition to the sexual harassment of the female employee, Plaintiff was placed on a performance improvement plan on or about February 8, 2018 and terminated on or about May 22, 2018.

23. Prior to filing this Complaint, PLAINTIFF fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing (hereinafter "DFEH"), and has received Right to Sue Letters from the DFEH. PLAINTIFF has therefore substantially complied with all requirements for the filing of this Complaint and has exhausted his administrative remedies prior to filing, commencing, and serving the within action.

//
//
//
//

# FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against Defendant LAB CORP and Does 1-250)

24. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

25. At all relevant times herein, Plaintiff was an employee of Defendant.

26. On or about May 22, 2018, Defendant discharged Plaintiff.

27. A substantial motivating reason for Plaintiff's discharge was Plaintiff's complaint to Defendant regarding the sexual harassment of a co-worker and for complaining about Defendant's wrongful denial of commissions and wages owed to Plaintiff and other co-workers.

28. The discharge of Plaintiff by Defendant caused Plaintiff harm.

29. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered general, consequential and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, humiliation, and mental pain and anguish, plus medical expenses, future medical expenses, and attorneys' fees and legal expenses, all to his damage in an amount to be determined at trial according to proof.

30. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof.

# SECOND CAUSE OF ACTION

**Retaliation in Violation of Labor Code Section 1102.5**

(Against Defendant LAB CORP and DOES 1-250)

31. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

32. At all relevant times herein mentioned, California Labor Code Section 1102.5 was in full force and effect, and was binding upon Defendants. California Labor Code Section 1102.5 generally prohibits employers from retaliating against an employee based on the employee's disclosure (or future disclosure) of an act by the employer that the employee reasonably believes is illegal to a government agency and/or a person with authority over plaintiff.

33. At all relevant times herein mentioned, Defendants were Plaintiff's employers and Plaintiff was Defendants' employee.

34. As more fully set forth above, Defendants believed that Plaintiff would disclose to a government agency that Defendants were engaging in the wrongful denial of commissions, benefits, and wages owed to Plaintiff and other co-workers.

35. In addition, as more fully set forth above, Plaintiff disclosed to a person with authority over Plaintiff, or an employee with authority to investigate, discover, or correct legal violations, that Defendants wrongfully denied commissions, benefits, and wages owed to Plaintiff and other co-workers.

36. Plaintiff had reasonable cause of believe that the information he disclosed to Defendants was a violation of a state or federal statute, and/or was a violation of a local, state, or federal rule or regulation.

37. Defendants discriminated against, harassed, retaliated against, and terminated Plaintiff, as set forth in more detail, supra.

38. Plaintiff's disclosure of information was a contributing factor in Defendants' decision to discriminate against, harass, retaliate against, and terminate Plaintiff.

39. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered general, consequential and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, humiliation, and mental pain and anguish, plus medical expenses, future medical expenses, and attorneys' fees and legal expenses, all to his damage in an amount to be determined at trial according to proof.

40. In doing the acts herein alleged, Defendants, and each of them, acted with

oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof.

41. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

42. Plaintiff is entitled to an award of any and all penalties pursuant to Labor Code Section 1102.5, including, but not limited, to the $10,000 penalty recoverable pursuant to Labor Code §1102.5(f).

## THIRD CAUSE OF ACTION

### Retaliation in Violation of FEHA

### (Against Defendant LAB CORP and DOES 1-250)

43. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

44. At all relevant times herein mentioned, California Government Code Section 12940(h) was in full force and effect, and was binding upon Defendants. Section 12940(h) prohibits employers from discharging, expelling, or otherwise discriminating against any person because the person has opposed any practices forbidden by the Fair Employment and Housing Act, Government Code Section 12940, or because the person has filed a complaint, testified, or assisted in any proceeding under the Fair Employment and Housing Act, Government Code Section 12940. In other words, it protects persons who assert good faith discrimination complaints and those who are believed to be prospective witnesses for complainants. Steele v. Youthful Offender Parole Board, 162 Cal.App.4th 1241, 1255 (2008).

45. At all relevant times herein mentioned, Defendants were Plaintiff's employers and Plaintiff was Defendants' employee.

46. As more fully set forth above, Plaintiff reasonably believed that Defendant's conduct was unlawful, and therefore opposed Defendants' practices. In addition, Plaintiff was believed by Defendants to be a prospective witness for a complainant.

47. Defendants placed Plaintiff on a performance improvement plan on or about

February 8, 2018 and terminated Plaintiff on or about May 22, 2018.

48. Plaintiff's protected activity was a substantial motivating reason for Defendant's decision to place Plaintiff on a performance improvement plan on or about February 8, 2018 and to terminate Plaintiff on or about May 22, 2018.

49. Defendants' conduct, including but not limited to placing Plaintiff on a performance improvement plan on or about February 8, 2018 and terminating Plaintiff on or about May 22, 2018, was a substantial factor in causing Plaintiff's harm.

50. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered general, consequential and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, humiliation, and mental pain and anguish, plus medical expenses, future medical expenses, and attorneys' fees and legal expenses, all to his damage in an amount to be determined at trial according to proof.

51. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof.

## PRAYER

1. For damages according to proof, including loss of earnings, deferred compensation, and other employment benefits;

2. For prejudgment interest on lost wages and benefits;

3. For general damages, according to proof;

4. For other special damages according to proof, including, but not limited to, reasonable medical expenses;

5. For all damages available for violations of the Government Code, Labor Code, and any other applicable provision of law;

6. For penalties pursuant to Labor Code Section 1102.5, including, but not limited, to the $10,000 penalty recoverable pursuant to Labor Code §1102.5(f)

7. For attorney's fees and costs of suit incurred, pursuant to Government Code § 12965(b) and any other applicable provisions of law;

8. For interest at the legal rate from the date of injury or pursuant to Code of Civil Procedure § 3287;

9. For punitive damages, according to proof;

10. For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiff and for violations of Plaintiffs' civil rights as set forth above; and

11. For such other and further relief as the Court deems just and proper.

Dated: November 5, 2018

THE LAW OFFICES OF CARLIN & BUCHSBAUM
Limited Liability Partnership

By _____
Jean P. Buchanan, Attorneys for Plaintiff
STEVEN FECKLEY

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Dated: November 5, 2018

THE LAW OFFICES OF CARLIN & BUCHSBAUM
Limited Liability Partnership

By _____
Jean P. Buchanan, Attorneys for Plaintiff
STEVEN FECKLEY

-10-

**COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jean P. Buchanan, CSBN: 251711<br>Law Offices of Carlin & Buchsbaum, LLP<br>301 East Ocean Blvd., Suite 1550<br>Long Beach, California 90802<br>TELEPHONE NO.: (562) 432-8933   FAX NO.: (562) 435-1656<br>ATTORNEY FOR (Name): Steven Feckley, Plaintiff | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Orange<br>11/06/2018 at 12:16:38 PM<br>Clerk of the Superior Court<br>By Angelina Nguyen-Do, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Justice Center

CASE NAME: Steven Feckley v. Covance, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | 30-2018-01030690-CU-WT-CJC |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | Judge Glenn Salter<br>JUDGE:<br>DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action (specify): Three (3)

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 6, 2018

Jean P. Buchanan, CSBN: 251711
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is


often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:             Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*:             Bar No: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** <br> **JUSTICE CENTER:** <br> ☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045 <br> ☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512 <br> ☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595 <br> ☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
      ☐ Under section 1141.11 of the Code of Civil Procedure
      ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                          (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                                                                        California Rules of Court, rule 3.221
L1270 (Rev. July 2014)